# Exhibit 1

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWAWRD COUNTY, FLORIDA

Case No.: _____
Division: _____

JESSICA C. DAVIS, individually and as
Personal representative of the Estate of Legacy A.
Simpkins

        Plaintiff,

vs.

GLAXOSMITHKLILNE, LLC,
        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, Jessica Davis ("J.C.D."), individually and as the personal representative of the Estate of Legacy A. Simpkins ("L.A.S."), by and through the undersigned attorney hereby files this Complaint and Demand for Jury Trial against, Defendant, GLAXOSMITHKLINE, LLC ("GSK") for damages, and such other relief deemed just and proper arising from injuries to L.A.S., as a result of her prenatal exposure to the prescription drug ondansetron, which was sold and marketed by Defendant under the name Zofran ("Zofran"). In support of this Complaint, Plaintiff, alleges the following:

## PARTIES

1.    L.A.S. was born November 7, 2017 and died on November 14, 2017.

2.    Plaintiff, JCD has applied to be appointed personal representative of the Estate of LAS in Broward County case number 06-2019-CP-004992A001CE and is over the age of eighteen (18) and is a resident of Broward County, Florida and is sui juris. (Exhibit "A.").

3.    Plaintiff's Letters of Administration of decedent's estate by the Circuit Court of Broward County, Florida is pending and files this complaint in good faith while waiting appointment.

4.    GSK is a limited liability company organized under the laws of the State of Delaware and whose principal place of business is in the State of Philadelphia.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 11/12/2019 04:52:26 PM.****

## JURISDICTION

5.     The amount in controversy exceeds $15,000.00, excluding interest, costs and attorney's fees, which is within the jurisdiction of the court in accordance with Section 26.012 of the Florida Statutes.

6.     All conditions precedent to the bringing of this action have occurred or have been performed.

## LONG ARM JURISDICTION

7.     GSK has submitted itself to the jurisdiction of the courts of the State of Florida under Section 48.193(1)(a) 1 of the Florida Statutes because GSK operated, conducted, engaged in, or carried on a business or business venture in this state.

8.     GSK has submitted itself to the jurisdiction of the courts of the State of Florida under Section 48.193(1)(a) 2 of the Florida Statutes because GSK committed a tortious act within this state.

## VENUE

9.     At all times material hereto, Defendant, operated as a limited liability company in the State of Florida for the purpose of providing goods and services to the general public at large.

10.     Venue in Broward County, Florida is proper in this action under Section 47.011 of the Florida Statutes because the incident-giving rise to this action occurred in this county and the Defendant's place of business is in this county.

11.     At all times herein, GSK conducted and continues to conduct a substantial amount of business activity in whole or in part, in this judicial district. GSK is registered to conduct business in this district and the State of Florida.

## FACTS IN SUPPORT OF CLAIMS

12.     On or about June 14, 2017, Plaintiff, J.C.D. sought medical treatment at Memorial Hospital West ("MHW") for nausea and pain in her abdominal areas of her body.

13.     At the time JCD visited MHW she was in her first trimester of her pregnancy.

14.     After being evaluated by the treating physician at MHW, JCD was diagnosed with abdominal pain in pregnancy during the first trimester of her pregnancy and morning sickness and/or nausea.

15.     JCD was instructed to follow up with her OBGYN and was given two (2) prescriptions for her diagnosed conditions.

16.     JCD was prescribed prenat75-iron also known as (a/k/a) One a Day Women's Prenatal and Ondanestron also known as (a/k/a) Zofran.

17.     JCD filled the prescriptions for the prescribed medications shortly thereafter and proceeded to take the medication.

18.     JCD thereafter followed up with her doctor as required by the MHW doctor orders.

19.     Thereafter during the latter stages of her pregnancy JCD was informed by her treating physician that the unborn fetus appeared to have serious complications.

20.     LAS was born on November 7, 2017 and passed away on November 14, 2017.

21.     LAS cause of death was determined to be caused by (1) Neu-Laxova Syndrome; (2) Extreme Low Birth Weight; (3) Cardiorespiratory Arrest.

22.     On November 8, 2017, LAS underwent genetic testing for Neu-Laxova Syndrome and on November 14, 2017, it was determined that LAS did not suffer from Neu-Laxova Syndrome.

23.     The conditions and circumstances that caused the death of LAS are directly related to the prescription Zofran manufactured by GSK.

24..    Zofran was approved by the Food Drug & Administration (FDA) to be used for the prevention of chemotherapy-induced nausea and vomiting, radiation therapy-induced nausea and vomiting and post-operative nausea and/or vomiting.

25.     GSK marketed promoted and encouraged the prescription drug Zofran to be used and prescribed for morning sickness in pregnant women.

26..    At all times hereto, GSK was aware that Zofran was being prescribed to treat pregnant women.

27.     GSK was aware that the FDA did not approve Zofran to be used to treat morning sickness or to be given to pregnant women.

28.     At all times hereto, GSK was aware of complaints that Zofran was causing and caused unreasonable health risks, deformities, bodily injuries and deaths in fetus' of pregnant women.

3

29.     GSK did not conduct a reasonable investigation or testing of Zofran to safely market, promote or encourage Zofran to be prescribed to pregnant women.

30.     At all times hereto, GSK knew or should have known that the prescription drug Zofran caused an unreasonable foreseeable risk of harm to pregnant women and unborn fetus'.

31.     Despite having reasonable information that Zofran could cause unreasonable risk of harm to pregnant women and unborn fetus' GSK failed to provide adequate warnings of the dangers of Zofran.

## COUNT 1: NEGLIGENCE

32.     Plaintiff adopts and re-alleges all material allegations contained in paragraphs twelve through thirty-one. (12-31).

33.     GSK by and through its actions of manufacturing, promoting and distributing Zofran to be used by pregnant women created an unreasonable and foreseeable zone of risk to LAS.

34.     GSK owed a duty of care to LAS to act as a reasonable person would under like circumstances.

35.     GSK breached the duty owed to LAS by failing to act as a reasonable person should under like circumstances and failing to conduct a reasonable investigation in the testing of Zofran to safely market, promote or encourage Zofran to be prescribed to pregnant women.

36.     As a direct and proximate result of the negligence of Defendants, the decedent suffered bodily injury and resulting pain and suffering that caused her death; the survivors and the Estate of the decedent suffered damages including, but not limited to funeral expenses, medical expenses, loss of support, loss of services, loss of the decedent's companionship and protection, and for mental pain and suffering.


## COUNT 2:  FAILURE TO WARN

37.     Plaintiff adopts and re-alleges all material allegations contained in paragraphs twelve through thirty-one. (12-31).

38.     GSK as a manufacturer had a duty to warn consumers or users of its product Zofran of foreseeable risks associated with the use of the product which were known or reasonably should have been known to GSK.

39.     At all times hereto, GSK knew or should have known that the prescription drug Zofran caused an unreasonable foreseeable risk of harm to pregnant women and unborn fetus'.

40     GSK breached the duty owed by failing to provide an adequate warning to sufficiently warn of the known dangers of Zofran to pregnant women and unborn fetus'.

41..    Despite having reasonable information that Zofran could cause unreasonable risk of harm to pregnant women and unborn fetus' GSK failed to provide adequate warnings of the dangers of Zofran.

42.    As a direct and proximate result of the negligence of Defendants, the decedent suffered bodily injury and resulting pain and suffering that caused her death; the survivors and the Estate of the decedent suffered damages including, but not limited to funeral expenses, medical expenses, loss of support, loss of services, loss of the decedent's companionship and protection, and for mental pain and suffering.

### DEMAND FOR JURY TRIAL

43.    Plaintiff demands a trial of this action by jury.

### DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff demands a jury trial of this action, and further demand judgment against Defendants for general damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

*/s/ A. Jordan Felix*
By: _____
A. Jordan Felix, Esq.
Florida Bar Number: 89024
P.O. Box 40004
Jacksonville, FL 32203
Tele: (904) 403-1009
Fax: (904) 404-8356
AJ@AJFESQ.COM

**EXHIBIT A.**

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWAWRD COUNTY, FLORIDA

**PROBATE DIVISION**

IN RE: THE ESTATE OF

**CASE NO.:**

LEGACY A. SIMPKINS

_____/

## PETITION FOR ADMINISTRATION
### (Intestate Florida Resident -- Single Petitioner)

Petitioner, Jessica C. Davis, alleges:

1.  Petitioner has an interest in the above estate as a beneficiary of the estate and is the mother of the deceased. Petitioner's address is 2790 SW 82nd Ave., Miramar, FL 33025 and the name and office address of petitioner's attorney are set forth at the end of this petition.

2.  Decedent, Legacy A. Simpkins, whose last known address was 2790 SW 82nd Ave., Miramar FL 33025, and, if known, whose age was one (1) week and whose social security number was not issued, died on November 14, 2017. On the date of death, decedent was domiciled in Broward County, Florida.

3.  So far as is known, the names of the beneficiaries of this estate and of the decedent's surviving spouse, if any, their addresses and relationships to decedent, and the dates of birth of any who are minors, are: Mother of deceased Jessica C. Davis, May 18, 1981.

4.  Venue of this proceeding is in this county because it was the county of the decedent's residence at the time of the decedent's death.

5.  Jessica C. Davis, whose address is 2790 SW 82nd Ave., Miramar FL 33025, and who is qualified under the laws of the State of Florida to serve as personal representative of the decedent's estate is entitled to preference in appointment as personal representative because she is the closest heir and biological mother of decedent.

6.  The nature and approximate value of the assets in this estate are unknown. The estate is expected to receive proceeds in excess of $75,000.00 in a future action for the wrongful death of Decedent.

7.  This estate will not be required to file a federal estate tax return.

8.  After the exercise of reasonable diligence, petitioner is unaware of any unrevoked wills or codicils of decedent.

9.  Domiciliary probate proceedings are not known to be pending in another state

1

or country.

10.    Petitioner requests that he, Jessica C. Davis, be appointed personal representative of the estate of the decedent.

**Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.**

Signed on _____November 5th_____, 2019.

_____
Jessica C. Davis, Petitioner

_____
A. Jordan Felix, Esq.
Florida Bar Number: 0089024
P.O. Box 40004
Jacksonville, FL 32203
Telephone: (904) 403-1009
Facsimile: (904) 404-8356
E-mail:  aj@ajfesq.com
*Attorney for Petitioner*

EXHIBIT A2

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWAWRD COUNTY, FLORIDA

**PROBATE DIVISION**

IN RE: THE ESTATE OF

**CASE NO.:**

LEGACY A. SIMPKINS

_____/

## OATH OF PERSONAL REPRESENTATIVE AND DESIGNATION AND ACCEPTANCE OF RESIDENT AGENT

**STATE OF FLORIDA**
**COUNTY OF DUVAL**

I, Jessica D. Davis (Affiant), state under oath that:

1.  I am qualified within the provisions of Sections 733.302, 733.303 and 733.304 of the Florida Probate Code to serve as personal representative of the Estate of Legacy A. Simpkins, deceased.

2.  I will faithfully administer the estate of the decedent according to law.

3.  My place of residence is: 2790 SW 82nd Ave., Miramar, FL 33025.

4.  I hereby designate A. Jordan Felix, Esq., who is a member of The Florida Bar, whose office address is P.O. Box 40004 Jacksonville, Florida 32203 as my agent for the service of process or notice in any action against me, either in representative capacity, or personally, if the personal action accrued in the administration of the estate.

Jessica C. Davis– Affiant

Sworn to and subscribed to before me on November 1, 2019, by Affiant, who is personally known to me, or who personally appeared before me and produced a Florida driver's license as identification and who did take an oath.

Notary Public

December 13, 2019
Commission Expiration Date

LORRE C. BLACK
MY COMMISSION # FF943126
EXPIRES December 13, 2019
(407) 398-0153   FloridaNotaryService.com

## ACCEPTANCE

I HEREBY accept the foregoing designation as Resident Agent.

1

A. Jordan Felix, Esq.
Resident Agent
Florida Bar No. 89024
P.O. Box 40004
Jacksonville, Florida 32203
Telephone: (904) 403-1009
Facsimile: (904) 404-8356
Email: aj@ajfesq.com